## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **RECOLE M. HUDSON,** | |
| **Plaintiff,** | |
| v. | Case No. 14-2057 |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Recole M. Hudson seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment (**#13**) be **GRANTED**, Defendant's Motion for Summary Judgment (**#18**) be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings.

### I.    Background

In October 2010, Plaintiff filed applications for child's insurance benefits and supplemental security income alleging disability beginning December 1, 2009. Plaintiff's claims were denied initially on March 7, 2011, and upon reconsideration on June 21, 2011. Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Stephen Sprauer, an impartial vocational expert.

On June 7, 2012, the ALJ issued an unfavorable decision (R. 23-34.). The ALJ found that Plaintiff has the severe impairments of attention deficit hyperactivity disorder [ADHD], anxiety, depression, learning disorder, Asperger's disorder, obsessive compulsive disorder [OCD], asthma, and obesity. (R. 25.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 25-26.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform

> "a full range of work at all exertional levels but with the following non-exertional limitations: avoid concentrated exposure to pulmonary irritants such as fumes; work would be limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and with few, if any, workplace change; no interaction with the public; and occasional, brief, and superficial interaction with co-workers and supervisors." (R. 28).

The ALJ found that Plaintiff does not have past relevant work, but concluded that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. 31-32.)

Plaintiff argues that the ALJ erred when (1) evaluating the medical opinions of record and (2) evaluating Plaintiff's episodes of decompensation.

## II.  Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III.    Discussion

### a.  Medical Opinions

First, Plaintiff argues that the ALJ erred when he gave little weight to the opinion of Plaintiff's treating physician, Dr. Ahmed, but gave greater weight to the opinions of the State agency psychologist, Dr. Tin. "A treating physician's opinion about the nature and severity of the claimant's impairment is normally given controlling weight so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is consistent with substantial evidence in the record." *Moss v. Astrue*, 555 F.3d 556, 560 (2009 7th Cir.) citing 20 C.F.R. § 404.1527(d)(2). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Id.*

The ALJ considered Dr. Ahmed's opinion that Plaintiff met listing 12.04. Dr. Ahmed saw Plaintiff on four occasions and diagnosed Plaintiff with ADHD, Asperger's disorder, OCD, and bipolar disorder. (R. 1335.) Dr. Ahmed further opined that Plaintiff had marked difficulties in maintaining social functioning, frequent deficiencies of concentration, persistence, or pace resulting in the failure to complete tasks in a timely manner, and repeated (three or more) episodes of deterioration or decompensation in work or work-like settings. (R. 1337.) The ALJ chose not to give great weight to Dr. Ahmed's opinion because it was based only on four visits and Plaintiff's medical record showed that Plaintiff experienced symptom relief with medication, calmed down after becoming upset, was remorseful after suicidal ideation, often complained of situational stressors, and is able to perform daily chores. (R. 31.)

The ALJ noted that on several occasions, Plaintiff's symptoms reportedly improved with medication. Dr. Carter, who saw Plaintiff in 2010, noted that he prescribed Concerta and Abilify "with good response for his ADHD and anxiety and behaviors." (R. 1054.) Further, Plaintiff was admitted to the hospital in September 2010 where his mother informed the hospital that Plaintiff had not been taking his medication for a few months. (R. 1131.) While in the hospital, his medication was adjusted and his symptoms improved. (R. 1092.) Plaintiff's mother reported that Plaintiff was a very different person when taking his medication and that he was "nice" when

taking medication. (R. 1373.) Further, Dr. Ahmed's treatment notes indicate a "fair" prognosis if Plaintiff continued taking his medications and completed follow up visits. (R. 1335).

Plaintiff also argues that the ALJ failed to give appropriate weight to the opinion of Ms. Stroud, Plaintiff's therapist. Ms. Stroud found that Plaintiff "has reckless disregard for safety of self or others" and "has a consistent irresponsibility or inability by repeated failure to sustain consistent work behavior or honor financial obligations." (R. 1439.) Ms. Stroud is considered in the category of "other medical sources" under 20 C.F.R. §404.1513(d)(1). As such, the ALJ found Ms. Stroud was not an acceptable medical source pursuant to SSR 06-03p. (R. 32.) While this was a proper finding, "[o]pinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p. The ALJ did not go into detail explaining why he chose to "not give much weight" to Ms. Stroud's findings. The ALJ simply noted that Ms. Stroud's findings were similar to those found by Dr. Ahmed.

The ALJ supported his dismissal of Dr. Ahmed and Ms. Stroud's findings with his decision to give greater weight to the conclusions of the state agency physicians Dr. Tin and Dr. Burton. The ALJ noted that Dr. Tin opined that Plaintiff "can understand and remember short, simple instructions; is capable of performing simple tasks and would require limited interaction with the public. (R. 31, 1304-06). The ALJ also adopted Dr. Tin's finding that Plaintiff had mild limitations in activities of daily living, moderate limitations in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (R. 1496.) Dr. Tin did not examine Plaintiff and his conclusions came from his review of the medical records. Importantly, however, the medical record which Dr. Tin reviewed was not complete. Dr. Tin's report was completed on February 23, 2011. As a result, Dr. Tin did not review the evidence provided by Ms. Stroud, who completed her report on May 3, 2012. Further, Dr. Tin did not assess two hospitalizations that occurred in October and November 2011. Due to the timing, Dr. Tin also did not consider the opinion of Dr. Hess, who evaluated Plaintiff on May 24, 2012. Among other findings, Dr. Hess classified Plaintiff as having "poor/none" mental ability and aptitude needed to do unskilled work in thirteen out of fifteen categories. (R. 1452.)

Dr. Tin's opinion relied solely on the medical record available to him as of February 2011. As the medical record was incomplete at this time, the ALJ erred in putting such great weight on Dr. Tin's opinion. While there was some evidence supporting the ALJ's decision to give Dr. Ahmed's opinion little weight, including the reports of symptom improvement with medication, the ALJ put too much emphasis on the opinions of the state agency physicians. Due to the apparent flaws with the state agency physicians' conclusions, the ALJ should not have relied so heavily upon their opinions in deciding to limit the weight of Dr. Ahmed and Ms. Stroud's findings. The Court recommends the case be remanded for further inquiry into this issue.

### b. Episodes of Decompensation

Plaintiff also argues that the ALJ erred in evaluating Plaintiff's episodes of decompensation. In his conclusion regarding episodes of decompensation, the ALJ apparently again relied upon the opinion of Dr. Tin. Dr. Tin found that Plaintiff experienced one or two episodes of decompensation, each of extended duration. (R. 1496.) The ALJ made an identical finding that Plaintiff experienced one or two episodes of decompensation. (R. 27.) While the ALJ discussed each of Plaintiff's five hospitalizations, he did not indicate which of these hospitalizations qualified as an episode of decompensation. Furthermore, the ALJ did not discuss treatment notes from Ms. Stroud detailing multiple episodes of behavior that may have risen to the level of decompensation. Dr. Hess also noted that Plaintiff suffered from multiple episodes of decompensation. (R. 1453.) The Court recommends the case be remanded for further consideration of whether Plaintiff's record demonstrates additional episodes of decompensation that the ALJ failed to consider.

### IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment (**#13**) be **GRANTED**, Defendant's Motion for Summary Judgment (**#18**) be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 10th day of June, 2015.

s/DAVID G. BERNTHAL
_____
UNITED STATES MAGISTRATE JUDGE